UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY JAMES WATSON,

      Petitioner,

v.

JOHN PRELESNIK,

      Respondent.
_____/

Civil Case No. 07-11366

HON. PAUL V. GADOLA
UNITED STATES DISTRICT COURT

## **OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Anthony James Watson, presently confined at the Handlon Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for assault with intent to rob while armed, M.C.L. § 750.89; conspiracy to commit armed robbery, M.C.L. §§ 750.157a, 750.529; conspiracy to possess narcotics over 650 grams, M.C.L. §§ 750.157a; 333.7403(2)(a)(i); carrying a firearm with unlawful intent, M.C.L. § 750.226; felon in possession of a firearm, M.C.L. § 750.224f; four counts of possession of a firearm in the commission of a felony, M.C.L. § 750.227b; and being a third felony habitual offender, M.C.L. § 769.11. For the reasons stated below, the petition for writ of habeas corpus is denied.

### I.     Background

Petitioner was convicted of the above offenses following a jury trial in the Genesee County Circuit Court.

Petitioner has provided a detailed statement of facts in his petition for writ of habeas corpus.[1]

---

[1] *See* Brief on Appeal, pp. 1-11, attached to the petition for writ of habeas corpus. Due to the brevity of the petition for writ of habeas corpus, this Court is willing to incorporate the arguments raised in Petitioner's state

Respondent has likewise provided a detailed factual summary of the case, which does not essentially conflict with Petitioner's statement of facts. The Court will therefore accept the factual allegations contained within the habeas petition insofar as they are consistent with the record, because Respondent has not disputed them. *See Dickens v. Jones*, 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002). Because the facts of this case have been repeated numerous times, they need not be repeated here in their entirety. Therefore, only a brief overview of the facts is required. *See Nevers v. Killinger*, 990 F. Supp. 844, 847 (E.D. Mich. 1997). This Court will therefore merely recite verbatim the relevant facts regarding Petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Long v. Stovall*, 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

> Here, there was sufficient evidence from which a rational trier of fact could find that defendant's co-conspirators committed an assault with the intent to rob while armed. Evidence was presented that the co-defendant rented a room at the house where the crimes occurred, and that he knew the owners and a drug dealer were scheduled to meet there to exchange drugs and money. There was evidence that a plan was devised to rob the homeowners and drug dealer when they arrived, demonstrated in part by numerous phone calls between the co-conspirators the evening before and morning of the crime. But, unbeknownst to the co-conspirators, the drug exchange had been thwarted by the authorities, and two police officers and a DEA agent came to the house with one of the owners. The co-conspirators hid in the co-defendant's bedroom and ultimately exchanged gunfire with the police, resulting in the death of two of the co-conspirators. The jury could have concluded that the co-conspirators were unaware of the fact that police officers were on the scene or that they otherwise maintained their intent to rob even if they were aware of that fact.
>
> Further, there was sufficient evidence to conclude that defendant intended the commission of the crime or had knowledge that the co-conspirators intended its commission at the time he performed acts or gave encouragement which assisted the commission of the crime. Defendant was involved in the phone calls that preceded the crime and he drove one of the co-conspirators to a location where the

---

appellate court briefs which he attached to his petition as being part of Petitioner's application for writ of habeas corpus. *See, e.g.*, *Burns v. Lafler*, 328 F. Supp. 2d 711, 717, n.2 (E.D. Mich. 2004).

co-conspirator procured a gun. Defendant admitted that he was hiding in the dark with the masked co-conspirators when the police arrived. This was corroborated by evidence that, when the police announced their presence, defendant fled through a window; defendant's knee was wounded and DNA testing established that his blood was found on the broken window glass. As discussed further below, there was evidence that, while at the house, defendant carried a gun. Viewing the evidence in a light most favorable to the prosecution, sufficient evidence existed from which a rational trier of fact could find beyond a reasonable doubt that defendant aided and abetted in an assault with intent to rob while armed.

*******************************************************************

Here, there was sufficient evidence from which a rational jury could find that defendant carried or possessed a firearm while he was committing or attempting to commit a felony; that he carried a firearm with the intent to unlawfully use it against another person; and that he carried a weapon concealed on or about his person. Evidence was presented that a recently abandoned .45-caliber gun was found a few houses away from the crime scene. Additionally, defendant was the only perpetrator who fled the crime scene and who would have had access to the area where the gun was dropped. Further, one of the officers testified that the first person that he saw come through the window, i.e., defendant, headed in the direction where the gun was found. Viewing the evidence in a light most favorable to the prosecution, sufficient circumstantial evidence existed from which a rational trier of fact could find beyond a reasonable doubt that defendant possessed a gun while he was attempting to commit a robbery, that he carried the gun with the intent to unlawfully use it against another person, and that he carried the gun concealed on or about his person.

*******************************************************************

Here, there was sufficient evidence from which a rational jury could find that defendant intended to combine with others and intended to accomplish the illegal objective of armed robbery and possession of narcotics. Evidence was presented that numerous phone calls were made between defendant and his co-conspirators the evening before and morning of the crime and that defendant drove one of his co-conspirators to procure a gun and then drove to the house where the incident occurred. Viewing the evidence in a light most favorable to the prosecution, sufficient circumstantial evidence existed from which a rational trier of fact could find beyond a reasonable doubt that defendant knew of and was involved in the plan to steal the drugs and money.

*People v. Watson*, No. 257260, at *2-4 (Mich. Ct. App. Jan. 24, 2006).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 476 Mich. 857; 718 N.W. 2d 339

3

(2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. THE TRIAL COURT REVERSIBLY ERRED IN DENYING MR. WATSON'S MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF THE PROSECUTOR'S CASE-IN-CHIEF AS THE PROSECUTION FAILED TO PRESENT LEGALLY SUFFICIENT EVIDENCE THAT DEFENDANT PARTICIPATED IN THE CHARGED OFFENSES AND WAS NOT MERELY PRESENT WHEN THOSE OFFENSES OCCURRED, AND THUS THE RESULTING CONVICTIONS VIOLATED MR. WATSON'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW.

II. DEFENDANT IS ENTITLED TO A RESENTENCING WHERE THE COURT ASSESSED HIM POINTS UNDER THE OFFENSE VARIABLES ONE AND THREE, CONTRARY TO THE DECISION OF THE UNITED STATES SUPREME COURT IN BLAKELY V WASHINGTON, AS THE SCORING VIOLATED HIS SIXTH AMENDMENT RIGHT TO JURY TRIAL.

**II.　Standard of Review**

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)　resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)　resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to

4

the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### III. Discussion

#### A. Motion for Default Judgment

Petitioner has filed a motion for default judgment on the ground that Respondent failed to provide the Rule 5 materials in a timely manner when it filed its answer.

The Court is without power to grant a petitioner a default judgment because a default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely response to the petition. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970); *see also Alder v. Burt*, 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003). Moreover, the relevant Rule 5 materials have now been filed with this Court. [*See* docket entries #15, 16]. To the extent that this motion could be construed as a motion to order Respondent to file the specified Rule 5 materials, it will be denied, because the materials have been provided to the Court. *See Burns v. Lafler*, 328 F. Supp. 2d 711, 717-18 (E.D. Mich. 2004).

#### B. Claim #1: Sufficiency of Evidence

Petitioner first claims that the trial court erred in denying his motion for a directed verdict of acquittal.[2]

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by

---

[2] Petitioner's arguments regarding the trial court's failure to direct a verdict of acquittal should be construed by a reviewing court as an attack on the sufficiency of evidence to convict. *See, e.g., United States v. Cope*, 312 F. 3d 757, 778 (6th Cir. 2002).

5

asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000) (citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). The scope of review in a federal habeas proceeding to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock*, 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002). Circumstantial evidence and reasonable inferences arising from the evidence may be sufficient proof of the elements of an offense. *See Kelley v. Jackson*, 353 F. Supp. 2d 887, 891 (E.D. Mich. 2005). Finally, a habeas court does not substitute its own judgment for that of the finder of fact. *See Alder*, 240 F. Supp. 2d at 661.

Petitioner's primary contention is that there was insufficient evidence to convict him of aiding and abetting in the crime of assault with intent to rob while armed or in conspiring with the co-defendants to commit armed robbery and to possess narcotics over 650 grams, because Petitioner was merely present when the crimes were committed.

Under Michigan law, the elements of assault with intent to rob while armed are (1) an assault with force and violence; (2) with an intent to rob and steal; and, with (3) the defendant being armed [with a weapon]. *See Alexander v. Robinson*, 11 Fed. Appx. 456, 459 (6th Cir. 2001).

To support a finding under Michigan law that a defendant aided and abetted in the commission of a crime, the prosecutor must show that:

6

> 1. the crime charged was committed by the defendant or some other person;
> 2. the defendant performed acts or gave encouragement that assisted the commission of the crime; and
> 3. the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.
>
> *Long*, 450 F. Supp. 2d at 753 (citing *People v. Carines*, 460 Mich. 750, 757-58; 597 N.W. 2d 130 (1999)).

In order to be guilty of aiding and abetting under Michigan law, the accused must take some conscious action designed to make the criminal venture succeed. *Fuller v. Anderson*, 662 F.2d 420, 424 (6th Cir. 1981). Aiding and abetting describes all forms of assistance rendered to the perpetrator of the crime and comprehends all words or deeds which might support, encourage, or incite the commission of the crime. *People v. Turner*, 213 Mich. App. 558, 568; 540 N. W. 2d 728 (1995). The quantum or amount of aid, advice, encouragement, or counsel rendered, or the time of rendering, is not material if it had the effect of inducing the commission of the crime. *People v. Lawton*, 196 Mich. App. 341, 352; 492 N. W. 2d 810 (1992).

To be convicted of aiding and abetting, the defendant must either possess the required intent to commit the crime or have participated while knowing that the principal had the requisite intent; such intent may be inferred from circumstantial evidence. *Long*, 450 F. Supp. 2d at 753; *Wilson*, 196 Mich. App. at 614. The intent of an aider and abettor is satisfied by proof that he knew the principal's intent when he gave aid or assistance to the principal. *People v. McCray*, 210 Mich. App. 9, 14; 533 N. W. 2d 359 (1995). An aider and abettor's state of mind may be inferred from all of the facts and circumstances, including close association between the defendant and the principal, the defendant's participation in the planning and execution of the crime, and evidence of flight after the crime. *Turner*, 213 Mich. App. at 568-69.

Under Michigan law, a conspiracy is defined as "a mutual agreement or understanding, express or implied, between two or more persons to a commit a criminal act." *Cameron v. Birkett*, 348 F. Supp. 2d 825, 839 (E.D. Mich. 2004) (*quoting People v. Carter*, 415 Mich. 558, 567; 330 N.W.2d 314 (1982)). "[A] two-fold specific intent is required for conviction: intent to combine with others, and intent to accomplish the illegal objective." *Carter*, 415 Mich. at 568. Direct proof of an agreement is not required, nor is proof of a formal agreement necessary. Rather, it is sufficient that the circumstances, acts, and conduct of the parties establish an agreement. *People v. Cotton*, 191 Mich. App. 377, 393; 478 N. W. 2d 681 (1991). A conspiracy may be proven by circumstantial evidence or may be based on inference. *Id.*

Petitioner is correct that a defendant's mere presence, even with knowledge that a crime is being committed, is insufficient to establish that a defendant aided and abetted in the commission of the offense. *People v. Norris*, 236 Mich. App. 411, 419-20; 600 N. W. 2d 658 (1999); *Fuller*, 662 F.2d at 424. However, a claim of mere presence is not a "catch-all excuse" to defeat an inference of guilt beyond a reasonable doubt. In evaluating a "mere presence" defense, a factfinder must distinguish, based upon the totality of the circumstances, between one who is merely present at the scene and one who is present with criminal culpability. *See Long*, 450 F. Supp. 2d at 754 (citing *Duran v. Pepe*, 899 F. Supp. 839, 843 (D. Mass. 1995)). An aider and abettor who is intentionally present during the commission of a crime may be silent during the crime's commission, "but by his demeanor, or through behavior and acts not directly related to the crime, provide 'moral support' that is recognizable to, and relied upon by, the principal. Such acts may be silent and may not be overt but may still amount to more than 'mere' presence." *Sanford v. Yukins*, 288 F.3d 855, 862 (6th Cir. 2002). Michigan's "broad definition" of aiding and abetting

"easily encompasses situations where the alleged aider and abettor, although silent and not committing acts directly related to the crime, was not 'merely' present, but providing emotional encouragement and support." *Id.*

In a similar vein, although mere presence at a crime scene is insufficient to show participation in a conspiracy, a defendant's participation in a conspiracy's common purpose and plan may be inferred from the defendant's actions and reactions to the circumstances. *See United States v. Hernandez*, 31 F. 3d 354, 358 (6th Cir. 1994).

There was sufficient evidence in this case to establish that Petitioner aided and abetted his co-defendants with the assault with intent to rob while armed charge and conspired with them to commit an armed robbery and to possess the narcotics. The evidence established that numerous phone calls were made between Petitioner and the co-conspirators the evening before and the morning of the crime, which is evidence of Petitioner's active involvement in this conspiracy. *See United States v. Salgado*, 250 F. 3d 438, 448 (6th Cir. 2001). Petitioner drove one of his co-conspirators to obtain a gun and then drove the co-conspirator to the house where the attempted robbery occurred. The fact that Petitioner was actively involved in driving one of the co-conspirators to obtain a weapon before transporting him to the crime scene shows that Petitioner was more than an innocent bystander. *See Long*, 450 F. Supp. 2d at 754; *Duran*, 899 F. Supp. at 844. As discussed below, a rational trier of fact could infer that Petitioner was armed with a weapon. Petitioner's possession of a weapon during the course of this attempted robbery would be sufficient to infer his active involvement in the crimes. *See United States v. Daniels*, 48 Fed. Appx. 409, 416 (3rd Cir. 2002). In addition, there was evidence that Petitioner was hiding inside a dark house with masked co-conspirators when the police arrived. The fact that the lights were

9

turned off in this house would negate any suggestion by Petitioner that he had no knowledge that a crime was about to take place or that he was inside the house for an innocent reason. *See, e.g.*, *State v. Ly*, 85 P.3d 1200, 1208 (Kan. 2004). All of this evidence suggests Petitioner's active involvement in an attempt to ambush the victims, which would be sufficient to show pre-planning between Petitioner and the co-conspirators, so as to sustain his convictions for conspiracy and aiding and abetting. *Cameron*, 348 F. Supp. 2d at 840. Finally, Petitioner's flight from the scene establishes his active involvement in these offenses, so as to defeat his mere presence argument. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 858-59 (E.D. Mich. 2003).

Moreover, common sense would indicate that the other participants in this agreement to rob other drug dealers of a kilogram and a half of cocaine would not have permitted a "noncontributing interloper" to remain with them inside of this house "while their conspicuous criminal conduct continued unabated." *United States v. Batista-Polanco*, 927 F.2d 14, 18 (1st Cir. 1991); *see also United States v. Staten*, 581 F.2d 878, 885 (D.C. Cir. 1978) (presence in small apartment replete with indicia of ongoing drug-distribution enterprise in open view "could rationally have been viewed as a privilege reserved exclusively for participants"). A "factfinder may fairly infer . . . that it runs counter to human experience to suppose that criminal conspirators would welcome innocent nonparticipants as witnesses to their crimes." *Batista-Polanco*, 927 F.2d at 18.

In light of the evidence presented in this case, the Michigan Court of Appeals' rejection of Petitioner's mere presence claim was not an unreasonable application of clearly established federal law, so as to entitle him to habeas relief. *See Long*, 450 F. Supp. 2d at 754.

Petitioner further claims that there was insufficient evidence to establish that he possessed the .45 caliber firearm found outside of the house so as to sustain his various firearms convictions.

Possession of a firearm under Michigan law can be actual or constructive and can be proven by circumstantial evidence. *See People v. Hill*, 433 Mich. 464, 469; 446 N.W. 2d 140 (1989)). A defendant may have constructive possession of a firearm if its location is known to the defendant and if it is reasonably accessible to him. *Id.* at 470-71.

In the present case, there was sufficient circumstantial evidence presented for a rational trier of fact to conclude that Petitioner was in possession of a firearm, so as to support his various firearms convictions. The testimony at trial established that a .45 caliber gun was found discarded a few houses from the crime scene. Petitioner was the only person who fled the crime scene. One of the officers testified that he viewed a person exit a window and run in the direction where this gun was found. Although this officer was unable to identify Petitioner, it was reasonable to infer that this person was Petitioner, in light of his own admission to Trudonna Murrell that he was present at the crime scene. Because there was sufficient circumstantial evidence presented to establish that Petitioner was in possession of this firearm, the Michigan Court of Appeals' rejection of Petitioner's claim that there was insufficient evidence to establish that he possessed this firearm was not an unreasonable application of clearly established federal law, so as to entitle him to habeas relief. *See Thompson v. Bock*, 215 Fed. Appx. 431, 439-40 (6th Cir. 2007); *cert. den.* 128 S. Ct. 139 (2007). Petitioner is not entitled to habeas relief on his first claim.

    **C.**    **Claim #2: Sentencing**

Petitioner lastly claims that the trial court erred in scoring offense variables 1 and 3 of the Michigan Sentencing Guidelines.

In the present case, the state trial court's allegedly improper interpretation of the state's sentencing guidelines is not a cognizable claim for federal habeas review. *Shanks v. Wolfenbarger*,

387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining her sentence. *Id.* Petitioner's claim that the offense variables of sentencing guidelines were incorrectly scored thus fails to state a claim upon which habeas relief can be granted. *Id.*

Petitioner further contends that in scoring the sentencing guidelines range, the trial court violated the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004), where the Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

The problem with Petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The decision in *Blakely* has no application to Petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Blakely* does not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's scoring of Petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007); *cert. den.* 128 S. Ct. 1898 (2008).

### D. A Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, the Court must determine if the petitioner is entitled to a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which

issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323.

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to any of the claims presented. *See* 28 U.S.C. § 2253(c)(2). Petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny a certificate of appealability. *See Long*, 450 F. Supp. 2d at 755. The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that Petitioner's motion for default judgment [docket entry #14] is **DENIED.**

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus [docket entry #1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is denied leave to appeal *in forma pauperis.*

**SO ORDERED.**

Dated:   June 30, 2008                                               s/Paul V. Gadola
                                                                                  HONORABLE PAUL V. GADOLA
                                                                                  UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   June 30, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                William C. Campbell                                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                  Anthony Watson                  .

                                                                                  Ruth A. Brissaud, Case Manager
                                                                                  (810) 341-7845